IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

              Plaintiff,

**v.**                                    Criminal Action No. 1:09CR75
                                                  (Judge Keeley)
**ALBERT LYNN WOODSON,**

              Defendant.

           **MEMORANDUM OPINION AND ORDER DENYING
        DEFENDANT'S PRO SE MOTION TO REDUCE SENTENCE
     UNDER FIRST STEP ACT OF 2018 [DKT. NO. 25] AND DENYING AS
    MOOT HIS PRO SE MOTION FOR APPOINTMENT OF COUNSEL [DKT. NO. 26]**

On April 4, 2019, the defendant, Albert Lynn Woodson ("Woodson"), filed a pro se motion to reduce his sentence under the First Step Act of 2018 (Dkt. No. 25) and a pro se motion to appoint counsel (Dkt. No. 26).[1] For the reasons that follow, the Court concludes that Woodson is not entitled to a reduction under the First Step Act. Accordingly, the Court **DENIES** Woodson's motion to reduce his sentence (Dkt. No. 25) and **DENIES AS MOOT** his motion to appoint counsel (Dkt. No. 26).

## I. BACKGROUND

On June 2, 2009, a grand jury sitting in the Northern District of West Virginia returned a three-count indictment, charging Woodson with one count of conspiring to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii) and 846, and two counts of distributing crack cocaine within 1000 feet of a

---

[1] Unless otherwise noted, docket numbers refer to Criminal Action No. 1:09CR75.

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S PRO SE MOTION TO REDUCE SENTENCE
UNDER FIRST STEP ACT OF 2018 [DKT. NO. 25] AND DENYING AS
MOOT HIS PRO SE MOTION FOR APPOINTMENT OF COUNSEL [DKT. NO. 26]**

protected location, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Dkt. No. 1). On October 8, 2009, Woodson waived his right to be charged by indictment and pleaded guilty to a one-count information, charging him with distributing .41 grams of crack cocaine, in violation of 21 U.S.C. §§ 841 (a)(1) and 841(b)(1)(C) (Case No. 1:09CR105, Dkt. Nos. 7, 8).

At the sentencing hearing on February 11, 2010, the Court determined that Woodson's total relevant conduct included at least 50 but less than 150 grams of crack cocaine, resulting in a base offense level of 30 (1:09CR105, Dkt. Nos. 14, 18 at 8). Although his adjusted offense level (before acceptance) was 29, the Court determined that Woodson was subject to a Chapter Four enhancement because he qualified as a "career offender" under U.S.S.G. § 4B1.1. Because Woodson's violation of § 841(b)(1)(C) subjected him to statutory maximum of 20 years incarceration, his career offender designation increased his offense level to 32. Id. § 4B1.1(b). This resulted in a total offense level of 29, after subtracting three levels for acceptance of responsibility. Id. at 8-9. The Court then sentenced Woodson to 151 months of incarceration followed by three years of supervised release and dismissed the three-count

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S PRO SE MOTION TO REDUCE SENTENCE
UNDER FIRST STEP ACT OF 2018 [DKT. NO. 25] AND DENYING AS
MOOT HIS PRO SE MOTION FOR APPOINTMENT OF COUNSEL [DKT. NO. 26]**

indictment in Criminal Action No. 1:09CR75 (Case No. 1:09CR105, Dkt. No. 15).

## II. APPLICABLE LAW

Under Section 404 of the First Step Act, courts that have "imposed a sentence for a covered offense" may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018). "A 'covered offense' is defined as 'a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.'" United States v. Delaney, No. 6:08-cr-00012, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019) (citation omitted). To determine whether the Court should reduce[2] Woodson's sentence, it must first determine whether a reduction is

---

[2] "Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which states: 'The court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'" Delaney, 2019 WL 861418, at *1.

**USA V. WOODSON** 1:09CR75

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S PRO SE MOTION TO REDUCE SENTENCE
UNDER FIRST STEP ACT OF 2018 [DKT. NO. 25] AND DENYING AS
MOOT HIS PRO SE MOTION FOR APPOINTMENT OF COUNSEL [DKT. NO. 26]**

permitted by the First Step Act. See id. (citation omitted).

### III. ANALYSIS

Here, Woodson was sentenced in Criminal Action No. 1:09CR105 after pleading guilty to a one-count information (Case No. 1:09CR105, Dkt. Nos. 7, 8). Because the three-count indictment in this case, Criminal Action No. 1:09CR75, was subsequently dismissed (Case No. 1:09CR105, Dkt. No. 15), there is no "sentence" in this case to reduce.

Even had Woodson filed his motion in the proper case (Criminal Action No. 1:09CR105), he would still not be entitled to relief under the First Step Act. Although his career offender designation, alone, does not preclude him from relief, see, e.g., United States v. Ancrum, No. 5:02-CR-30020, 2019 WL 2110589 (W.D. Va. May 14, 2019) (granting sentence reduction to career offender), the First Step Act has no effect on Woodson's sentence because his conviction for violating § 841(b)(1)(C) is not a "covered offense." This is so because Sections 2 and 3 of the Fair Sentencing Act of 2010 did not modify the penalties for violating § 841(b)(1)(C). Pub. L. No. 111-220, 124 Stat. 2372 (2010). Rather, Section 2 reduced the penalties for offenses involving crack cocaine by increasing the

**USA V. WOODSON** 1:09CR75

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S PRO SE MOTION TO REDUCE SENTENCE
UNDER FIRST STEP ACT OF 2018 [DKT. NO. 25] AND DENYING AS
MOOT HIS PRO SE MOTION FOR APPOINTMENT OF COUNSEL [DKT. NO. 26]**

threshold drug quantities required to trigger the mandatory minimum sentences under §§ 841(b)(1)(A) and 841(b)(1)(B). Ancrum, 2019 WL 2110589, at *1 (citing Pub. L. No. 111-220, § 2, 124 Stat. 2372). Section 3, on the other hand, reduced the mandatory minimum sentence for simple possession under 21 U.S.C. § 844(a). Pub. L. No. 111-220, § 3, 124 Stat. 2372.

Here, Woodson was not sentenced under §§ 841(b)(1)(A), 841(b)(1)(B), or 844(a), but under § 841(b)(1)(C) (Case No. 1:09CR105, Dkt. No. 15). Because the Fair Sentencing Act did not modify § 841(b)(1)(C), Woodson's conviction in Criminal Action No. 1:09CR105 is not a "covered offense" under the First Step Act.

Although his career offender enhancement, and the resulting offense level, was based on the statutory maximum sentence of twenty years under § 841(b)(1)(C), this maximum sentence is not related to any particular amount of crack cocaine. 21 U.S.C. § 841(b)(1)(C) (2009). Accordingly, Woodson has no right to relief under the First Step Act.

## IV. CONCLUSION

For the reasons discussed, the Court **DENIES** Woodson's motion to reduce his sentence (Dkt. No. 25), and **DENIES AS MOOT** his motion

**MEMORANDUM OPINION AND ORDER DENYING**
**DEFENDANT'S PRO SE MOTION TO REDUCE SENTENCE**
**UNDER FIRST STEP ACT OF 2018 [DKT. NO. 25] AND DENYING AS**
**MOOT HIS PRO SE MOTION FOR APPOINTMENT OF COUNSEL [DKT. NO. 26]**

to appoint counsel (Dkt. No. 26).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit a copy of this Order to Woodson by certified mail, return receipt requested, and to counsel of record by electronic means.

DATED: June 17, 2019

>  /s/ Irene M. Keeley
>  IRENE M. KEELEY
>  UNITED STATES DISTRICT JUDGE